## Retirement of Municipal Court Judges

CREAMER, Attorney General, September 14, 1972. —Your letter of June 1, 1972, regarding the eligibility of Judge Morris Starr to retire at full salary under the Act of July 31, 1968, has been carefully considered.

It is our opinion that Judge Starr is not eligible to retire at full salary under this act, since he has not "served at least one full elected term or ten (10) years in the aggregate as a *judge* continuously or otherwise. . . .": 71 PS §1725-401(4).

As you know, Morris Starr was elected in 1965 as a *magistrate* and became a judge in 1969 by operation of the provisions of section 16(e) of the Schedule to Article V of the Constitution of 1968. That section provides:

"As designated by the Governor, twenty-two of the present magistrates shall become judges of the municipal court and six shall become judges of the traffic court, and their tenure shall not otherwise be affected."

Magistrates becoming judges pursuant to the above-quoted section of the Constitution have not served a full term or 10 years in the aggregate *as a judge.*

Although prior to the constitutional changes of 1968 magistrates were occasionally referred to as "judges," they were not judges within the meaning

of the Constitution or of the law governing the retirement of state judges learned in the law.

It is, therefore, clear that Judge Starr does not fall within the purview of the Act of July 31, 1968, which was intended to apply only to those judges who were originally elected and served a full term or served 10 years in the aggregate as a judge learned in the law.

For this reason, it is our opinion that Judge Starr is not eligible to retire at full pay even if he holds himself available for services for the balance of his unexpired term.